Marjorie A. Meyers, Federal Public Defender, Sarah Beth Landau, Assistant Federal Public Defender, Molly Estelle Odom, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Juan Francisco Castillo Munguia has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Castillo Munguia has not filed a response. Our independent review of the record and counsel's brief discloses no nonfrivolous issue for appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

UNITED STATES of America,
Plaintiff–Appellee

v.

Roman Alfredo SALDIVAR–VASQUEZ,
Defendant–Appellant.

No. 10–40062
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 2010.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Philip Thomas Cowen, I, Esq., Law Office of Philip Cowen, Brownsville, TX, for Defendant–Appellant.

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

The attorney appointed to represent Roman Alfredo Saldivar–Vasquez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Saldivar–Vasquez has not filed a response. Our independent review of the record and counsel's brief discloses no nonfrivolous issue for appeal. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from fur-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ther responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**John Michael CLARK, Defendant–**
**Appellant.**

**No. 08–50726**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

John Michael Clark, Bastrop, TX, pro se.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

In July 2006, John Michael Clark, federal prisoner # 57752–180, was convicted by guilty plea of possession with intent to distribute cocaine base and being a felon in possession of a firearm. He now appeals pro se from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon the crack cocaine amendments to the Sentencing Guidelines. In that denial, the district court noted that Clark could not benefit from the crack cocaine amendments because his base offense level would have remained the same even if based solely upon the amount of methamphetamine that was attributed to him.

On appeal, Clark argues that his sentence should have been based solely upon crack cocaine and that the district court lacked jurisdiction to sentence him based upon any other controlled substance. He also asserts that the district court violated Amendment 715 to the Sentencing Guidelines by failing to show how it calculated the amount of crack cocaine attributable to him when considering his § 3582(c)(2) motion. These arguments lack merit. Moreover, Clark cannot utilize a § 3582(c)(2) motion to challenge his original sentence. *See United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir.1995).

Examination of the record reveals that the district court correctly concluded that Clark could not benefit from the crack cocaine amendments. The district court therefore did not abuse its discretion by denying Clark's instant motion. *See United States v. Evans,* 587 F.3d 667, 672 (5th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 3462, 177 L.Ed.2d 1064 (2010).

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.